Mosqueda

**RECEIVED**

MAR 25 2019

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 19-MJ-187 (TNL)

| | |
|---|---|
| IN THE MATTER OF THE CRIMINAL COMPLAINT AGAINST JOSIAH RAUL MOSQUEDA | ) ) ) ) ) ) ) | **FILED UNDER SEAL PURSUANT TO ORDER**<br><br>PETITION OF THE UNITED STATES FOR AN ORDER SEALING COMPLAINT, PETITION, AND ORDER FOR SEALING |

COMES NOW the United States of America by its undersigned attorneys and in support of its Petition for an Order Sealing Complaint and Petition in the above-captioned matter, states as follows:

1.  On March 25, 2019, this Court issued a Criminal Complaint and Arrest Warrant charging Josiah Raul Mosqueda with the following: Receipt and Distribution of Child Pornography, Production of Child Pornography, Transfer of Obscene Material to a Minor, and Coercion and Enticement.

2.  The Affidavit of Special Agent Rachel J. Nelson submitted in support of the Criminal Complaint sets forth facts regarding an ongoing investigation into the illegal activities of Mosqueda directed toward minors.

3.  The Complaint documents presented to this Court for *in camera* review include detailed and highly sensitive investigative information. Disclosure of the information would jeopardize an ongoing investigation into alleged criminal offenses; the safety and wellbeing of one or more individuals, including law enforcement and individuals

SCANNED
MAR 25 2019
U.S. DISTRICT COURT MPLS

living at or near Mosqueda's residence, and the privacy of individuals unlikely to be, and/or who may ultimately not be, indicted.

4. Nondisclosure of the Complaint documents is necessary to prevent the ongoing investigation from being compromised. Immediate public filing of the Complaint documents would, *inter alia*, compromise details about the nature, extent, and scope of the investigation; compromise the identities of victims in this investigation; hinder post-execution investigation into the criminal acts described in the Complaint Affidavit, including the pursuit of leads developed as a result of the Search Warrant itself; and alert targets known and unknown about the nature, extent, and scope of the investigation. If the Complaint documents are filed publicly, it could alert the target of the investigation. He is likely to destroy evidence, flee, or resist arrest.

5. This investigation involves minor child victims who have a reasonable basis to fear for his/her safety and wellbeing should there be immediate public filing of the search warrant documents. Nondisclosure of the Complaint documents at this stage is necessary to minimize the risk of his/her identification and intimidation, retaliation, and/or threats to his/her safety and/or wellbeing.

6. The Complaint documents contain identifying information of and circumstances relating to an individual or individuals involved in criminal activity in some way who may not be indicted in this case. Nondisclosure of the Complaint documents at this stage is necessary to protect their identity and/or to minimize the substantial risk that revelation of details set forth in the Complaint documents could cause to their reputation. The Court's power to prevent disclosure of its files, especially for a limited period of time,

is well established. This general power has been recognized by the United States Supreme Court.

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over some records and files and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The Eighth Circuit has recognized the Court's specific power to restrict access to search warrant documents like those at issue here:

> We hold that the qualified first amendment right of public access extends to the documents filed in support of search warrants and that the documents may be sealed if the district court specifically finds that sealing is necessary to protect a compelling government interest and that less restrictive alternatives are impracticable.

*In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

7. The Eighth Circuit and district courts within the Circuit have recognized that the circumstances surrounding ongoing investigations constitute compelling government interests warranting the sealing of complaints and search warrant documents. For example, the Eighth Circuit has approved sealing search warrant documents that "describe[d] in detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved," resulting in "substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released." *Id.* at 574. Moreover, the Eighth Circuit has recognized that search warrant affidavits permeated with references to individuals other than the subjects of the search

warrant and/or with information revealing the nature, scope and direction of the government's ongoing investigation may be sealed not only because they present compelling government interests justifying sealing, but also because less restrictive alternatives to sealing are in such circumstances impracticable. *Gunn*, 855 F.2d at 574.

8. Based upon the foregoing and all the files and proceedings to date, the United States respectfully requests that this Court issue an Order Sealing the Complaint, this Petition, and the Sealing Order until the close of business on April 15, 2019, unless a compelling interest is shown by the United States for a continuation of the sealing.

Dated: March 26, 2019    Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

*/s/ Carol M. Kayser*

BY: CAROL M. KAYSER
Assistant U.S. Attorney