UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 19-MJ-187 (TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER** |
| JOSIAH RAUL MOSQUEDA, | |
| Defendant. | |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Carol M. Kayser and Lindsey Middlecamp, Assistant United States Attorneys, hereby moves the Court for an Protective Order protecting the distribution of Rule 16 and other discovery material in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Defense counsel has reviewed this Motion and the proposed Protective Order and has no objections.

In support of its Motion, the United States shows the following:

1. Josiah Raul Mosqueda is charged by Complaint with the following: (1) One Count of Production of Child Pornography; (2) Four Counts of Coercion and Enticement; (3) One Count of Transfer of Obscene Material to a Minor; (4) One Count of Receipt of Child Pornography; and (5) One Count of Distribution of Child Pornography.

2.      The parties have filed a Joint Motion for an Extension of Time for the Filing of An Indictment or Information, which the Court granted. Accordingly, an Indictment or Information must be filed on or before July 25, 2019.

3.      The investigation is on-going. Nonetheless, in an effort to resolve the case, the Government intends to disclose Rule 16 materials as they become available. Specifically, the United States is prepared to provide a significant amount of material via electronic discovery to Defendant and will make additional discovery available as it is obtained.  However, redaction of the discovery materials, such as audiotaped and/or videotaped interviews, would be impractical and unduly burdensome. Moreover, redaction of many items would impede the preparation of the defense, because redaction of some items would render them unusable.

4.      Title 18, United States Code, Section 3509(d)(2) provides that "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." As set forth herein, there is a significant possibility the minor victims could suffer harm if their personal information is freely disseminated.

5.      The victims in this case are minors. The United States is cognizant of its duty to protect the identities of minor victims and witnesses.  It is

anticipated that many of the discovery materials will contain personal identifiers, including names, telephone numbers, home addresses, Social Security numbers, and dates of birth of the minor victims and other witnesses. Unrestricted dissemination of this information could expose these individuals to violations of their privacy rights and/or the risk identity theft or similar harms.

6.     Therefore, the United States respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," that is, any unredacted material containing personal identifiers, including dates of birth, social security numbers, home addresses, telephone numbers, and any other personal information of non-parties, and any information which might tend to identify minor victims and witnesses in this case.

7.     It is further requested that the Protective Order state: (a) unredacted Protected Material shall not be disseminated by defense counsel to any individuals, organizations or other entities, other than members of the defense team (co-counsel, paralegals, investigators, computer forensic experts, litigation support personnel, and secretarial staff) and experts retained to assist defense counsel; (b) that the defendant's counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to defendant in this action, but that under no circumstances will copies be provided to the defendants except as provided for herein; (c) that all

individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms; (d) copies of the Protected Material may not be given to the defendant or to any person who is not directly involved in the defense of the charges against the defendant in this case unless the personally identifiable information has been redacted; (e) that defense counsel may redact personally identifiable information from documents to be shown to the defendant; (f) that any filings with the Court that contain Protected Material shall be filed under seal or clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED"; and (g) that any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the Government within ten (10) days of the conclusion of this criminal litigation.

Dated: April 5, 2019                    Respectfully submitted,

                                        ERICA H. MacDONALD
                                        United States Attorney

                                        */s/ Carol M. Kayser*

                                        BY: CAROL M. KAYSER
                                        Assistant U.S. Attorney

                                        LINDSEY MIDDLECAMP
                                        Special Assistant U.S. Attorney