UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 19-MJ-187 (TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSIAH RAUL MOSQUEDA,

        Defendant.

**PROTECTIVE ORDER**

This matter is before the Court on the Government's unopposed Motion for a Protective Order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Specifically, the United States moved for an order restricting the dissemination of certain Rule 16 discovery material.

The Government desires to make certain early disclosure of materials required by Rule 16 of the Federal Rules of Criminal Procedure. In this case, those disclosures include information that contains personally identifiable information, including full names, dates of birth, social security numbers, and home addresses of non-parties. In addition, there are numerous pieces of discovery that contain information that would tend to identify a minor victim and/or witness. The United States has shown good cause why the dissemination of this protected material should be limited.

WHEREFORE, it is hereby ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that "Protected Material," as defined below, shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose. The Court further ORDERS as follows:

1. "Protected Material" means any material that may tend to identify a minor, as well as any material containing medical information and/or personally identifiable information, including full names, dates of birth, social security numbers, home addresses, and telephone numbers of non-parties.

2. Unredacted Protected Material shall not be disseminated by defense counsel to any individuals, organizations or other entities, other than: (a) members of the defense team (co-counsel, paralegals, investigators, litigation support personnel, and secretarial staff), but not the defendant except as set forth in Paragraph 3; and (b) experts retained to assist defense counsel. The information contained in the documents and records shall not be disclosed to any other party who is not directly involved in the defense of the charges against the defendant in this case. Parties directly involved in the defense of the charges against the defendant in this case include, but are not limited to, investigators, experts, and potential, non-defendant witnesses. Defense counsel shall limit the making of copies to those necessary to his or

her activities as counsel and, in counsel's judgment, are necessary to the preparation of a defense.

3.   Copies of the Protected Material may not be given to the defendant or to any person who is not directly involved in the defense of the charges against the defendant in this case unless the personally identifiable information described in Paragraph 1 above first has been redacted. Notwithstanding the foregoing, the defendant may move for relief from the redaction requirement should a situation arise in which defense counsel forms a good-faith belief that the redaction of a particular document or piece of information amounts to a violation of his or her client's Fifth and Sixth Amendment rights, guaranteeing due process, a fair trial, and effective assistance of counsel.  Such motion must specifically identify the information and/or document(s) at issue and state with particularity the reasons for the requested relief.  The information and/or document(s) shall remain redacted as set forth herein until further order of the Court.

4.   All individuals having access to Protected Material shall be informed of the terms of this Protective Order prior to disclosure.  All such individuals shall certify that, by signing the Certification attached as Exhibit A, they have read the terms of this Protective Order and understand that they are bound by its terms.  Defense counsel of record shall maintain a file of such written certifications.

5. Any filings with the Court that contain Protected Material shall either be redacted or shall be filed under seal and clearly marked with a legend stating, "PROTECTED MATERIAL ENCLOSED."

6. The use of Protected Materials covered by this Order for any purpose other than the instant criminal litigation shall be deemed a violation of this Order subjecting the violator to possible sanctions.

7. Any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the Government within sixty (60) days of the conclusion of this criminal case.

Dated: April 5, 2019            *s/David T. Schultz*
                                David T. Schultz
                                United States Magistrate Judge

## Exhibit A

### **CERTIFICATION**

By signing below, I, _____, (please print or type), hereby certify that I have read the Protective Order, entered in the matter of *United States of America v. Josiah Raul Mosqueda*, Case No. 19-MJ-187 (TNL) and agree to be bound by its terms.

_____    _____
Date                                                    Signature