UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CASE NO. 19-CR-270 (PJS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSIAH RAUL MOSQUEDA,

        Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Defendant, Josiah Raul Mosqueda, agree to resolve this case on the following terms and conditions. This Plea Agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** Defendant agrees to plead guilty to Count 1 of the Amended Information, charging him with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The United States agrees not to charge any additional production counts known to it at the time Defendant's plea is entered. The parties agree that additional conduct outlined herein may be considered for sentencing purposes.

1



SCANNED
DEC 09 2019
U.S. DISTRICT COURT MPLS

2. **Factual Basis.** Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a. From as early as 2012 and continuing through January 2019, in the State and District of Minnesota, Defendant used various social media and electronic communication platforms (including Skype, Facebook Messenger, Instagram, Twitter, Kik, and Snapchat) to communicate with a number of minor males. These communications occurred using the Internet, a means and facility of interstate and foreign commerce. Over the course of at least seven years, Defendant repeatedly solicited minor males to send him naked images or recordings, either of themselves or of other minor males. As to some of the minors, Defendant had access to them through his professional activities in educational settings and his supervisory and advisory role in student groups. On occasion, he would send money to pay for images or recordings of other minor males. Defendant likewise repeatedly engaged minor males in graphic, sexually explicit conversations, including, on occasion, describing sexual contact between Defendant and other minor males, and conversations purporting to solicit or arrange in-person sexual contact with the Defendant. On a number of occasions, Defendant sent boys images of his erect penis or recordings depicting himself masturbating. During the same time period, Defendant also knowingly possessed child pornography produced by third parties.

**Count One: "Minor #1"**

   b. In or about October through November 2016, Defendant engaged in sexually explicit communications with **Minor #1**. Because of their communications, Defendant knew that **Minor #1** was a 15-year-old boy. In some of the communications, Defendant discussed having sexual contact with Minor #1. Defendant persuaded Minor #1 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which depiction were transported to him

2

via the Internet, a means and facility of interstate and foreign commerce. In particular, Defendant admits that on or about November 2, 2016, in response to Defendant's request, Minor #1 sent an image with himself posing naked with his erect penis visible, and a second close-up image of Minor #1's anus being penetrated by an index finger, both of which were transmitted to Defendant via the Internet.

**Uncharged Minor Victims**

c. Defendant admits and agrees that he solicited and received child pornography from other minors not charged in the Amended Information, and possessed additional child pornography, and that such additional conduct may be considered in his sentencing, including the conduct described in the following paragraphs.

d. Defendant began communicating with **Minor #2** in August 2018. Because of their communications, Defendant knew that Minor #2 was 13 at the time. Shortly after Minor #2 turned 14 in October 2018, Defendant began to persuade Minor #2 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which depictions were transported to him via the Internet, a means and facility of interstate and foreign commerce. Defendant admits that in the course of his sexually explicit communications with Minor #2, he expressly instructed Minor #2 not to report Defendant's conduct because "I would go to jail and never be able to work in a school lol."

e. On or about November 10, 2018, Minor #2 engaged in phone sex with **Minor #3** (who Defendant knew to be 14 years old.) In response to Defendant's request and instruction, Minor #2 obtained and distributed to Defendant an image of Minor #3's penis with semen running down it.

f. Defendant began a sexual relationship with **Minor #4**, a 14-year-old boy. Because of their communications, Defendant knew that Minor #4 was 14 at the time. By 2014, Defendant began to persuade Minor #4 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.

3

g.  In or about February 2017, Defendant engaged in sexually explicit communications with **Minor #5**, a 14-year-old boy. Defendant induced Minor #5 to send an image or recording to Defendant depicting Minor #5 using a sex toy.

h.  On or around April 7, 2017, Defendant engaged in sexually explicit communications with **Minor #6**, a 16-year-old boy. In response to Defendant's request, Minor #6 sent Defendant images of his exposed and erect penis, and one video of Minor #6 masturbating his penis.

i.  On or around April 20, 2017, Defendant engaged in sexually explicit communications with **Minor #7**, a 15-year-old boy. In response to Defendant's request, Minor #7 sent Defendant a number of images of his exposed, erect penis to Defendant, as well as images of his exposed buttocks. In addition to engaging in sexually explicit communications, Defendant also engaged in direct physical sexual contact with Minor #7.

j.  On or around July 6, 2017, Defendant engaged in sexually explicit communications with **Minor #8**, a 17-year-old boy. In response to Defendant's request, Minor #8 sent Defendant two close-up photos of his exposed penis next to a can of soda.

k.  In or around August 2017, Defendant engaged in sexually explicit communications with **Minor #9**, a 17-year-old boy. In response to Defendant's request, Minor #9 sent two images of his penis, one flaccid and one erect, to Defendant. Defendant later distributed one of the images to Minor #1 on November 22, 2018.

l.  In or around April 2018, Defendant engaged in sexually explicit communications with **Minor #10**, a 15-year-old boy. Defendant suggested bartering sexual contact in exchange for Defendant assisting Minor #10 in fixing his phone.

m.  In addition to the foregoing, Defendant concedes that at the time law enforcement seized his personal electronic and digital devices in

January 2019, he was in knowing possession of additional child pornography produced by third parties.

3. **Statutory Penalties**. The parties agree that the following statutory penalties apply for the count of conviction:

    a. a thirty year maximum sentence;
    b. a mandatory minimum term of fifteen (15) years in prison;
    c. a supervised release term of at least five (5) years up to a maximum supervised release term of life;
    d. a criminal fine of up to $250,000.00;
    e. a mandatory special assessment of $100.00, which is payable to the Clerk of Court at sentencing;
    f. a special assessment of $5,000 to the Justice for Victims of Trafficking Act pursuant to 18 U.S.C. § 3014; and
    g. payment of mandatory restitution in an amount to be determined by the Court.

4. **Waiver of Pretrial Motions**. Defendant understands and agrees that he has a right to file pre-trial motions in this case. As part of this Plea Agreement, and based upon the concessions of the United States within this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up that right. Defendant acknowledges that his attorney has received and reviewed the discovery in this matter. Likewise, Defendant acknowledges that his attorney has been offered access to the contraband.

5. **Revocation of Supervised Release**. Defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an

additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. Defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this Plea Agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties specifically reserve the right to advocate for a sentence outside the advisory Guidelines range. The parties stipulate that the following Guidelines calculations are applicable:

    a. <u>Base Offense Level</u>. The parties agree that the base offense level for Production of Child Pornography is <u>32</u>. (U.S.S.G. §2G2.1(a)).

    b. <u>Specific Offense Characteristics</u>. The parties agree that <u>2</u> levels are added because the offense involved a victim under the age of 16. (U.S.S.G. §2G2.1(b)(1)(B)).

       The parties agree that <u>2</u> levels are added because the offense involved the commission of a sexual act or sexual contact. (U.S.S.G. §2G2.1(b)(2)(A)).

       The parties agree that <u>2</u> levels are added because the Defendant knowingly engaged in distribution. (U.S.S.G. §2G2.1(b)(3)).

       The parties agree that <u>2</u> levels are added because the offense involved the use of a computer or an interactive computer service to solicit

participation by a minor in sexually explicit conduct. (U.S.S.G. §2G2.1(b)(6)(B)).

c. <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that if Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b).

The parties agree that <u>2</u> levels are added because the defendant abused a position of trust. (U.S.S.G. §3B1.3).

The Government asserts that <u>2</u> levels should be added because the defendant used or attempted to use a minor to commit the offense or avoid detection of or apprehension for the offense. (U.S.S.G. §3B1.4). The Defendant reserves the right to object to this enhancement.

Once the Chapter 2 and Chapter 3 adjustments are applied, the parties agree the Defendant's adjusted offense level will be either <u>39</u> or <u>41.</u>

d. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that Defendant's criminal history category is I. This does **not** constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Pre-sentence Report and by the parties at the time of sentencing. If it is determined that Defendant's criminal history is more than anticipated herein, that will not be a basis to withdraw from the plea agreement.

e. Chapter 4 – Repeat and Dangerous Sex Offender. The parties agree that the offense level should be increased by 5 levels, because the Defendant engaged in a pattern of activity involving prohibited sexual conduct with a minor (U.S.S.G. § 4B1.5(b)(1)).

f. Guideline Range. The parties believe that Defendant's final adjusted offense level is 44 or 46, either of which shall be treated as an offense level of 43 pursuant to U.S.S.G. § 5. If his criminal history category is I, then the resulting advisory Guidelines imprisonment range is a life sentence, adjusted to 360 months in light of the statutory maximum.

The parties understand that the Court will make the final determination of both the final adjusted offense level and criminal history category at the sentencing hearing. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

g. Fine Range. If the adjusted offense level is 43 and in light of the statutory maximum, the fine range is $50,000 to $250,000. (U.S.S.G. §5E1.2).

h. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least five (5) years and up to a life term if a term of imprisonment of more than one year is imposed. (U.S.S.G. §§5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)). The parties agree to request a life term of supervised release.

7. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The

Court may also depart from the applicable Guidelines. If the Court determines that the applicable advisory Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement and Defendant will be sentenced pursuant to the Court's determinations.

8. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

Specifically, the parties agree that Defendant shall forfeit the following to the United States:

(1) Item 2019-111/5.2 Samsung Cell Phone Galaxy S7 – model SM-G930T, IMEI 359755077436984;

(2) Item 2019-111/5.3 5.3 Samsung Cell phone - Galaxy S – SN: R21CA3B7XZY;

(3) Item 2019-111/5.4 Lenovo laptop – model 20217 – SN: YB04068953;

and

(4)     Item 2019-111/5.18 Alienware laptop – model P18G002

Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Amended Information. The United States reserves the right to seek the forfeiture of additional property.

9.     **Restitution**.

(A) **Victim of Offense of Conviction**:   The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply and that the Court is required to order the defendant to make restitution to the victim of the defendant's offense of Production of Child Pornography, specifically, Minor # 1. The defendant understands and agrees that in the event Minor #1 submits a declaration of losses or request for restitution prior to sentencing, the Court shall order the defendant to pay restitution to Minor #1 in the amount of no less than $10,000.

(B) **Agreed Upon Restitution; Child Pornography**:   Pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC. The parties agree that the amount of restitution owed under this subparagraph will be

determined using 18 U.S.C. § 2259 to reflect the full amount of victim(s) losses. The defendant understands that the restitution amount for individuals covered under § 2259(b)(2) shall be no less than $3,000 per individual.

(C) **Agreed Upon Restitution; Other Individuals**: Pursuant to § 3663A(a)(3), the defendant also agrees to pay restitution to Minors #2 through 10 as outlined herein. The defendant understands and agrees that in the event Minors #2 through 10 submit a declaration of losses or request for restitution prior to sentencing, the Court shall order him to pay restitution to Minors #2 through #10 in the amount of no less than $10,000 each.

10. **Special Assessments**. Under 18 U.S.C. § 3013(a)(2)(A), Defendant is obligated to pay a special assessment in the amount of $100 for each felony count of which Defendant is convicted. Under 18 U.S.C. § 3014, if Defendant is not indigent, he is obligated to pay an additional special assessment in the amount of $5000 to the Domestic Trafficking Victims' Fund for each felony count of which Defendant is convicted.

11. **Collection of Financial Obligations**. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, defendant agrees to fully disclose assets in which Defendant has an interest. Defendant shall also identify all assets valued at more than $5,000 which have been

transferred to third parties since January 2012, including the location of the assets and the identity of the third party(ies). Defendant agrees to assist the United States in returning and transferring assets for use in payment of restitution and fines ordered by the court.

  a. Defendant agrees to provide to the United States, under penalty of perjury, and within 30 days of the change of plea, a financial disclosure form listing all defendant's assets and financial interests valued at more than $1,000. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances

  b. Defendant expressly authorizes the U.S. Attorney's Office for the District of Minnesota to obtain a credit report on him to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court.

  c. Defendant agrees that, at the discretion of the U.S. Attorney's Office for the District of Minnesota, Defendant will be deposed regarding financial issues prior to sentencing.

  12. **FOIA Requests**. Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974. 5 U.S.C. §§ 552,

552A.

14. **Sex Offender Registration**. Defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

15. **Complete Agreement**. This plea agreement, along with any agreement signed by the Parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings.

Dated: 12-6-19

ERICA H. MacDONALD
United States Attorney

*/s/ Lindsey Middlecamp*
BY: Lindsey E. Middlecamp
Special Assistant United States Attorney
Attorney ID No. 0392589

Dated: 12-6-19

*/s/ Josiah Raul Mosqueda*
JOSIAH RAUL MOSQUEDA
Defendant

13

Dated: ~~Dec.~~ 6, 2019    _____
RYAN GARRY
Attorney for Defendant